Good morning. My name is R. Wayne McMillan. I represent the petitioner, Mr. Manalastas. The respondent was, the petitioner was convicted of a crime of violence, coupled with a 365-day sentence would cause it to be an aggravated felony, causing him to be a mandatory deportee and unable to pursue any type of relief. The question before this court is that can the courts consider suspended sentences added to actual sentences imposed to come up with a number that reaches 365 days, and in some cases might reach more than that, which happened in this case. If we add all of the sentences up, Mr. Manalastas received a sentence of 520-something days for the misdemeanor, which would be clearly an illegal sentence, and as the immigration judge found at one point, we should not presume the state court judge to have given an illegal sentence. Counsel, let me just ask, what is your best case for your claim that the sentence imposed pursuant to a probation violation must be considered the actual sentence imposed? Do you have a case that says that? No, Your Honor. I do not have a case that says that. I couldn't find a case. I have a feeling that you do. Nor could I. Well, and I think it's so obvious that people don't appeal those things, except in these unusual situations regarding immigration consequences. In this particular case, he was given a six-month suspended sentence. As a part of that sentence, he was also given 32 days' work furlough. When he came back to court on his first probation violation, the court modified probation, gave him 160 days in the county jail, and it's my belief that by giving him an actual sentence in jail, that supersedes a suspended sentence. In other words, the suspended sentence is of no more merit in the state court. Well, Counsel, the problem I have with that is it would seem to me that that would encourage people to violate probation because they'd get a lesser sentence than they had originally. Judges are not bound to impose the suspended sentence. The suspended sentence sits there. It puts something over the defendant's head. It makes him afraid. It encourages him to keep up with the terms of probation. If he violates the probation, the judge does not have to give him the suspended sentence. He could give him more or less, either way. But by giving a sentence, in my opinion, that's not added to the suspended sentence. That's in place of the suspended sentence. A more clear example. Suppose, first out the gate, he was given a nine-month suspended sentence. Let's say he violated probation. He came back. The judge growls at him and says, okay, you deserve the nine months that I previously gave you. Now I'm going to impose a sentence of nine months. So what is that? Is that a nine-month sentence, or is that a 18-month sentence? It's illogical that the state court could possibly consider it an 18-month sentence when the maximum possible sentence could be imposed on a misdemeanor is 365 days. I think the language also of the court record indicates that it was the court's intention to give him 160 days in lieu of the suspended sentence. In state court, suspended sentence, other than putting pressure on the defendant, doesn't mean anything. If someone were given a, as I say, a nine-month sentence, suspended, the judge says, okay, you violated probation. I'm going to impose that sentence. The defendant could hardly say, well, but I've already gotten nine months. You can only give me four more months. That would never work. The judge would not allow that. So the question is, does a suspended sentence that has been superseded by an actual sentence imposed have any relevance that could be added on to add up to a sentence of 365 days? What do you do with the matter of Perez-Ramirez, which seems to indicate that for immigration  violations should be included as part of the original sentence rather than a replacement? Well, it doesn't say that, Your Honor. Perez simply stands for the proposition that if somebody violates probation and gets another sentence, that's part of the total sentence. In Mr. Perez's case, he got no sentence to start with, and then he violated probation and got a 365-day sentence. I thought we all knew that. I was surprised to see that the BIA finally said that. I thought that was we all understood that a sentence as a result of a probation violation would be, would relate back to the original conviction, so that he would be considered convicted of a domestic violence case and sentenced to a sentence of one year or more. I don't see that Perez is particularly relevant to the case. I find the language in Perez, it says we find that in the original sentence, that where a criminal alien sentence has been modified to include a term of imprisonment following a violation of probation, the resulting sentence through confinement is considered to be part of the penalty imposed for the underlying crime, original underlying crime, rather than punishment for a separate offense. I completely agree with that. And in Mr. Mantelesta's case, all of his subsequent sentences on his probation violations add up to a grand total of 352 days, roughly 10 or 12 days under the limit. The case does not say you add the probation violation necessarily onto suspended sentences. It means you can add them all together. But in this particular circumstances, when the original sentence is suspended, the probation violations or actual sentences imposed, I don't, and all of those add up to more than a year, which would be an illegal sentence. I don't think we can consider that the state court judge was in fact intentionally giving a sentence that he couldn't impose. It would be a suspended sentence of six months. I'm looking at the records on his 1996 conviction, and that said it was an imposition of one year in jail. Suspended? He has two cases, Your Honor. The same logic would apply to that case. He had suspended, he had probation violations. I understand, but he was given, that was the sentence imposed. One year of jail suspended. So you're saying that that doesn't qualify as a term of imprisonment that was imposed? You have to wait to see if he actually goes into prison? Well, that's correct, Your Honor. And the reason is that it is the last sentence imposed, that is, it is the sentence you count. We're adding a lot of different things together, but let's have this scenario. Suppose he got no sentence, and then later on, as in Perez-Ramirez, rather, he got the one year sentence. Suppose he got post-conviction relief and got less than a year's sentence. It is the last sentence imposed. That's the logic of probation violations coupled with previous sentences can add up. It's my argument that you cannot add an imposed sentence to an initial suspended sentence where those total sentences would add up to more than a year. That would be illogical. It would be illegal. The only way that we can presume that the state court judge thought he was doing something legal was that when the state court judge gave the probation violation sentence, he was by operation of law eliminating the previous suspended sentence. If he got 365 days, the judge imposes another, whatever, six months, that would be an illegal sentence. So we must presume that the judge must be sentencing to the probation violation sentence in lieu of or instead of the suspended sentence. Well, conceptually, I take your point about if you accumulate them all up, but the language of the statute is crime of violence for which a term of imprisonment was at least one year, and the jurisprudence seems to suggest that it's the sentence imposed. He got a one year jail suspended, and then he violates his probation, and he gets six months. So as Judge Nelson said, so what happens if he goes through the entire time, doesn't violate probation, and winds up never going into jail at all? Then he would not have been convicted of a crime of violence? That's correct. He would be if it was a suspended sentence that was the final sentence. So that's the oddity. If he goes out and violates it and draws a 30 day thing, he's better off, because now he's converted a one year sentence suspended into a 30 days incarceration. As it turns out, nobody's arguing that the immigration law is logical, Your Honor. No, but the statutory construction is. Okay. All right. You're over time. I'll give you a minute for rebuttal. You're over time. I'll give you a minute for rebuttal. Thank you. Good morning, Your Honor. May it please the Court, Emanuel Pallado for the respondent in this case, the Attorney General. The only conviction which is an issue before this Court is not the one counsel was initially discussing. It's the June 12, 1996 conviction for which Mr. Manolosis was sentenced to a suspended term of one year. As soon as that sentence was issued, it counts for the one year crime of violence requirement, and it's defined as an aggravated felony. We don't have to aggregate in this case. We don't need a calculator here, because that initial sentence in and of itself is what triggers the aggravated felony definition. And under the INA, whether the sentence is suspended or not, it still counts towards the one year. So right there, that's sufficient, and that was the sole basis for the Board's determination here that his – that conviction on June 12 of 1996 qualifies as a crime of violence aggravated felony. Do you have any case directly on point? For that proposition, Your Honor? Yes. It's a statute, Your Honor. The proposition that I was looking for a case for to determine whether there's a legal basis for differentiating between a sentence modification that reduces a sentence and one that results from a probation violation. The – if I could just let me answer that slightly indirectly. What happened here is he got the one year suspended sentence and he got probation As part of the probation, he was sentenced to an additional 27 days, which he served and got credit for. He also got an additional 15 days for a probation violation, and another 180 days for another probation violation, at which point probation was terminated. The case you referenced earlier, the Ramirez case, holds that all those additional sentences are attributable not to probation violations, but to the initial offense, which here is a corporal injury to a spouse. So that's the significance of that Ward case, Your Honor. What the real issue here is not aggregation because the government needn't show that all those together equal one year or more because the initial suspended sentence already meets that requirement. He got a year already. Yes, ma'am. The real issue is whether the additional punishments for probation violations somehow vacated or modified the initial one year suspended sentence. And that simply does not – first of all, the court knows, state court knows how to vacate or modify a sentence. They state that in an order, that we are vacating or modifying our prior one year suspended sentence. Here, there is no indication of that action by the court. So now we're turning to inference or authority, which Mr. Manalastis fails to supply, that imposition of additional time for a probation violation somehow replaces the initial sentence. And as the court notes, that makes no sense to reward a convicted individual for violating probation by saying, you know what, you violated probation, so instead of the one year suspended, we're going to give you 15 days, which happened here, and that's going to be your new sentence. And that wipes out the one year suspended sentence. So that's really the argument that counsel is making here, and there's just no reason and there's no cases that support it. Because the court asked us about the Busso-Zepeda case, that case involves a Johnson waiver. And that case doesn't apply here. It's instructive, again, in that any probation – any additional time given for probation violations are considered to be for the original offense and not the violation itself. But that case – the Johnson waiver issue only comes into play where an individual has served a certain amount of time, is given an additional sentence later on for a probation violation, and those two sentences combined exceed the 365-day limit. In that case, Johnson allows a defendant who has served to say, don't give me credit for the prior time served, impose the full sentence on me. And in that case, in that situation, you must have a Johnson waiver. There's no Johnson waiver here because we don't need one. For the June 12, 1996 conviction, the total time he served was the initial 27 days, plus 15 days for a violation, plus 180 days for a violation. All those total to 222 days. So he's never even served a year for this particular conviction, so there is no Johnson issue. There's no time to waive back. And as the Court noted, that sentence remains suspended for whatever purpose the Court deems necessary. It has not been vacated, modified, or replaced in any way. So unless and until that initial one-year suspended sentence, any or all part of it becomes imposed, then there is no issue of being incarcerated for more than one year in the county jail. So this is not an aggregation or a stacking case. The Board simply decided on a very straightforward basis that a one-year sentence for a crime of violence constitutes an aggregated felony, and under the circumstances here, that disqualified Mr. Montelastis from the relief of cancellation of removal. He was already found removable on other grounds, another similar offense. So the only issue here is whether he was eligible for cancellation of removal, and the sole basis for the Board's denial or finding of ineligibility was the one-year suspended sentence, and counsel has not demonstrated either by the record or by other authority that the additional time that he was given for successive probation violations somehow modified that original one-year suspended sentence. I would also point out, as we note in our brief, that this issue was never briefed or raised to the Board. The sole argument before the Board was whether the immigration judge had jurisdiction to consider the government's motion to reconsider because the government had also filed an appeal of the immigration judge's decision. So it was strictly a procedural argument made to the Board. So I'm just pointing out that there's been a failure to exhaust here. The Board has never had a chance to consider the issue that we're discussing in court today. So I would ask the Court to not address this issue or to decline to address it because this is the first time it's being – it has not been presented to the Board for the Board's decision. So for these reasons, I would ask the Court to affirm the Board's decision because it's a – You said the statute provides the answer. I'm looking at 8 U.S.C. 1101A.48b, and it says, Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law, in whole or in part. That's the statute. Yes, sir. That's why a suspended one-year sentence is equivalent for INA purposes to an actual one-year sentence. All right. There are several sentencing guideline cases that are referred to in the briefs. I would just point out parenthetically that under the sentencing guidelines, a suspended sentence does not count towards certain types of enhancements. So those definitions are different, but the controlling one here is, as you just noted, Your Honor, in the INA, and that's why the suspended sentence is equivalent to a one-year sentence for time actually imposed. Okay. I think we have your argument. Thank you, Your Honor. I'll disagree with Counsel in that he stated that the initial 365-day suspended sentence as a condition of probation ends the inquiry. We don't have to look at that anymore. That's not true. He was placed on probation. If he had been given a straight 365 days, suspended or otherwise, and he was not placed on probation, that became the final sentence of the court, I would agree that it's an aggravated felony. But he was placed on probation. And during that time. The sentence that I read was one-year jail. Suspended. Suspended. Well, but I just read the statute, so. Well, but obviously there is a tension between the immigration law and the state law. The state court judge is obviously not considering the one-year. Counsel, we go by the federal law. I understand that, but we have to read it in conjunction with what is going on in state law. When the state court judge gave additional punishment, he is indicating that he did not consider his one-year sentence suspended to be a final sentence. So does your argument rest upon the notion that the second, it's actually the third or fourth conviction, replaces the 365 days that was suspended? Yes, it does. We have to find that or else we can't. That's it. If you have to find that or it's an aggravated felony. All right. And do you have any authority for that position? I do not other than the state court law that you can only give one-year sentence for a misdemeanor. Thank you. Okay. Thank you. Thank you, counsel. We appreciate the argument. All right. The next case on calendar, which is the United States versus Gato, has been submitted on the briefs. So that will take us to Fayyad Sayyeh versus Enright.
judges: Nelson, Fisher, Christen